UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

(Lafayette Division)

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a Integrated Sports Media | * * * | DIVISION:_____ |
| VERSUS | * * * | SECTION:____ |
| HOG HEAVEN ENTERPRISES, INC. d/b/a Café' Ahnvee, PATRICIA ANN RICE WEATHERFORD, GEORGE KEYS WEATHERFORD, JULIE MICHELLE WEATHERFORD DUBUS BROWN AND CAROL ANN PHILLIPS | * * * * * * | JUDGE:_____  MAGISTRATE JUDGE:_____ |

## COMPLAINT

**To the Honorable Judges and Magistrate Judges of the United States District Court Western District of Louisiana, Lafayette Division:**

NOW INTO COURT, through undersigned counsel, comes Innovative Sports Management, Inc. d/b/a Integrated Sports Media (Innovative), a foreign corporation having its registered office and principal place of business located at 720 Monroe Street, Suite E303, Hoboken, New Jersey 07030 and files its complaint for the following reasons:

**Venue**

1.

Venue is proper in the Western District of Louisiana, Lafayette, Louisiana because all of the defendant's actions and omissions occurred at the commercial establishment of Hog Heaven Enterprises, Inc. d/b/a Café' Ahnvee (Café' Ahnvee) located at 610 E. Kaliste Saloom Road, Lafayette, Lafayette Parish, Louisiana 70508 and Lafayette Parish is located within the geographical jurisdiction of the United States District Court for the Western District of

Louisiana, Lafayette Division.

## Jurisdiction

2.

Innovative asserts that jurisdiction of the Court is based upon:

(A)  28 U.S.C. section 1331 because the action presents a question or questions of federal law arising under the Constitution of the United States and other laws of the United States as follows:

    (i)  The Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq. ;

    (ii)  The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. section 553, et seq., which specifically provides that a civil action may be brought in a United States District Court 553 (c)(1) ; and,

    (iii)  Title 18 sections 2511 (1) (a), (5) and 2520 (a).

(B)  Complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs as provided in 28 USCA section 1332.

As discussed in detail below, the defendants committed certain acts and omissions that violated Innovative's rights as the exclusive commercial domestic distributor of the televised fight Program described below.  Those acts and omissions consisted of interception, reception, publication, divulgence, display and exhibition of Innovative's property within the control of Innovative in the State of Louisiana, but without its permission and/or authorization.

3.

**Defendants**

The following persons are the defendants in this complaint:

(a) **Hog Heaven Enterprises, Inc. d/b/a Café' Ahnvee (Café' Ahnvee)** having its registered office and principal place of business located at 610 E. Kaliste Saloom Road, Lafayette, Louisiana 70508-2545;

(b) **Patricia Ann Rice Weatherford (P. Weatherford)**, a major resident of and domiciled at 110 Galvez Drive, Lafayette, Louisiana 70506;

(c) **George Keys Weatherford, (G. Weatherford)**, a major resident of and domiciled at 110 Galvez Drive, Lafayette, Louisiana 70506;

(d) **Julie Michelle Weatherford Dubus Brown, (Brown)**, a major resident of and domiciled at 110 Galvez Drive, Lafayette, Louisiana 70506; and,

(e) **Carol Ann Phillips, (Phillips)**, a major resident of and domiciled at 210 Stanley Road, Carencro, Louisiana 70520.

4.

Innovative is informed, believes and alleges that for all times pertinent to the facts of this complaint Café' Ahnvee owned, operated, licensed, permitted, had dominion over, controlled, oversaw and managed the commercial establishment doing business as Café' Ahnvee located at the commercial address of 610 E. Kaliste Saloom Road, Lafayette, Louisiana 70508.

5.

Café' Ahnvee possessed and possesses a license to sell alcoholic beverages within Lafayette Parish, Louisiana as shown by the official records of the Louisiana Department of Revenue, Office of Alcohol and Tobacco Control.

6.

Upon information and belief, Cafe' Ahnvee's license described above was in full force and effect at all times pertinent to the facts alleged in this complaint.

7.

Innovative is a distributor of closed circuit pay-per view boxing and special events in the United States.  Pay-per view means that in order for a customer to view the closed circuit event, it/he/she must pay a fee to Innovative, which is/was set by Innovative.

8.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), Cafe' Ahnvee had the right and ability to supervise the business and activities of Café' Ahnvee, which included the unlawful interception of Innovative's Program.

9.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), Cafe' Ahnvee supervised the activity of unlawfully intercepting Innovative's Program, and, among other responsibilities, had the obligation to ensure that the sale of alcoholic beverages upon Cafe' Ahnvee's  premises was not in violation of law.

10.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), Cafe' Ahnvee specifically, wilfully and unlawfully intercepted and broadcasted Innovative's Program on Cafe' Ahnvee's premises.

11.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders knew that Café Ahnvee would unlawfully intercept the Program and unlawfully broadcast and display the Program to customers on the premises of Café' Ahnvee.

12.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee approved of the unlawful interception the Program and failed to take any steps to stop the broadcast and display of the Program to customers on the premises of Café' Ahnvee.

13.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), Cafe' Ahnvee had and possessed an obvious and direct financial interest, commercial advantage and private financial gain in its activities, which included the unlawful interception of Innovative's Program.

14.

Innovative is informed, believes and alleges that on Saturday, January 22, 2011 (the night of the Program, which is described below in paragraph 17), P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee had and possessed an obvious and direct financial interest, commercial advantage and private financial gain in Café' Ahnvee's activities, which included the unlawful interception of Innovative's Program.

15.

Innovative is informed, believes and alleges that the unlawful and willful interception and broadcast of Innovative Program by Cafe' Ahnvee resulted in a commercial advantage and private financial gain for Cafe' Ahnvee because its profits increased, its opportunity for profits increased and it took unlawful advantage of Innovative..

**COUNT I**

**(Violation of Title 47 U.S.C. Section 605 (a), (e) (3) (a) and (e) (4) and 18 U.S.C. section 2511 in conjunction with section 2520)**

16.

Innovative incorporates by reference all of the allegations contained in paragraphs 1 through and including 16, as though reproduced here in full.

17.

Pursuant to a valid and enforceable contract, Innovative was granted the exclusive nationwide commercial distribution and broadcast (closed-circuit) rights to "Redemption in America: Evander Holyfield v. Sherman Williams, telecast nationwide on Saturday, January 22, 2011 (this included all under-card bouts and fight commentary encompassed in the television

broadcast of the event, hereinafter referred to as the Program).

18.

Pursuant to the same valid and enforceable contract, Innovative, entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Louisiana, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs and other similar businesses).  Cafe' Ahnvee was **not** granted sub-licensing rights and/or any other right concerning the Program.

19.

As a commercial distributor and licensor of sporting events, including the Program, Integrated expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the commercial entities described above.

20

With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Cafe' Ahnvee did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at  Cafe' Ahnvee's commercial establishment located at 610 E. Kaliste Saloom Road, Lafayette, Louisiana 70508, Lafayette Parish, Louisiana.

21.

Also, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee knew of the unauthorized interception, reception, publication,

divulgence, display, and/or exhibition of the Program by Cafe' Ahnvee and they failed to stop the unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by Cafe' Ahnvee.

22.

The unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Cafe' Ahnvee was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.  Innovative stands ready to present eye-witness testimony and other evidence supporting all allegations made in this complaint.

23.

Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 prohibit the unauthorized publication or use of communications (such as the transmission of the Program for which Innovative had the exclusive distribution rights).  Also, knowledge by the officers, directors and shareholders that such a violation will occur and/or has occurred and failure to take any steps to stop those unlawful acts is prohibited.

24.

By reason of the actions, omissions and conduct of Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee described above, all of them violated Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520.

25.

By reason of the actions, omissions and conduct of Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee

described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and Title 18 U.S.C. sections 2511 and 2520, Innovative has the private right of action pursuant to Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520.

26.

By reason of the actions, omissions and conduct of Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and 18 U.S.C. sections 2511 and 2520, Innovative is entitled to the following from Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee:

- (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605 (e)(3)(C)(ii), and also
- (b) Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

27.

Innovative incorporates by reference all of the allegations contained in paragraphs 1 through and including 23 as though reproduced here in full.

28.

The unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by Cafe' Ahnvee was prohibited by Title 47 U.S.C. section 553, et seq.

29.

The knowledge by P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee of the unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by Cafe' Ahnvee and the failure by P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee to stop the unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by Cafe' Ahnvee was prohibited by Title 47 U.S.C. section 553, et seq.

30.

By reason of the actions, omissions and conduct of Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee described above, they violated Title 47 U.S.C. Section 553, et seq.

31.

By reason of the actions, omissions and conduct of Cafe' Ahnvee, P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, Innovative has the private right of action pursuant to Title 47 U.S.C. Section 553.

32.

By reason of the actions, omissions and conduct of Cafe' Ahnvee P. Weatherford, G. Weatherford, Brown and Phillips as officers, directors and shareholders of Café' Ahnvee described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, Innovative is entitled to the following from Cafe' Ahnvee, P. Weatherford, G. Weatherford,

Brown and Phillips as officers, directors and shareholders of Café' Ahnvee:

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B), and also

    (c)    Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553(c)(2), and also

    (d)    in the discretion of this Honorable Court, reasonable attorney's fees, pursuant to Title 47 U.S.C. section 553 (c) (2) ©.

33.

Despite the existence of two separate and distinct federal laws (Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 AND Title 47 U.S.C. Section 553, et seq), which were enacted at different times, some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not both.  Innovative asserts its claims under both sets of federal laws, but if the Court should find that the violations stated above occurred under one or the other statutes cited or that Innovative may only recover one set of damages, then to that extent, Innovative claims should be considered as alternative claims. Innovative does not seek double damages.

THEREFORE, Innovative Sports Management, Inc. d/b/a Integrated Sports Media  prays that Cafe' Ahnvee P. Weatherford, G. Weatherford, Brown and Phillips be served with a summons and certified copy of this complaint and required to answer it within the legal delays provided by the Federal Rules of Civil Procedure.

FURTHERMORE, Innovative Sports Management, Inc. d/b/a Integrated Sports Media prays for judgment in its favor and against Cafe' Ahnvee P. Weatherford, G. Weatherford, Brown and Phillips for the following sums of money, subject to the jurisprudential rule that double damages are not permitted:

**As to Count I (Violation of Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520)**

At Innovative's election in accordance with 47 U.S.C. section (e) (3) (B) and (C) (ii),

(a)　statutory damages in the amount of $110,000.00; and,

(b)　reasonable attorney's fees as mandated by statute; and,

(c)　all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d)　such other and further relief as this Honorable Court may deem just and proper.

**As to Count II (Violation of Title 47 U.S.C. Section 553 (a) (1), (c)(1), (2), (B), (C), 3 (A), (B))**

(a)　statutory damages in the amount of $60,000.00; and,

(b)　reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and,

(c)　all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d)　such other and further relief as this Honorable Court may deem just and proper.

> The Berthelot Law Firm, LLC
> 1660 Thibodeaux Avenue
> Baton Rouge, Louisiana 70802

                                  (225) 454-0488—cell phone
                                  1-484-842-8566–facsimile
                                  ronniejberthelot@gmail.com
                                By: s/Ronnie J. Berthelot
                                        Ronnie J. Berthelot, T.A.
                                        LSBA bar roll no. 1012

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

(Lafayette Division)

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a Integrated Sports Media | * * * | DIVISION:_____ |
| VERSUS | * * * | SECTION:____ |
| HOG HEAVEN ENTERPRISES, INC. d/b/a Café' Ahnvee, PATRICIA ANN RICE WEATHERFORD, GEORGE KEYS WEATHERFORD, JULIE MICHELLE WEATHERFORD DUBUS BROWN AND CAROL ANN PHILLIPS | * * * * * * | JUDGE:_____ MAGISTRATE JUDGE:_____ |

Certificate of Service

I certify that I mailed the foregoing "Complaint" to the following defendant and attorney:

(a) **Hog Heaven Enterprises, Inc. d/b/a Café' Ahnvee,** 610 E. Kaliste Saloom Road, Lafayette, Louisiana 70508-2545;

(b) **Patricia Ann Rice Weatherford,** 110 Galvez Drive, Lafayette, Louisiana 70506;

(c) **George K. Weatherford,** 110 Galvez Drive, Lafayette, Louisiana 70506;

(d) **Julie Michelle Weatherford Dubus Brown,** 110 Galvez Drive, Lafayette, Louisiana 70506;

(e) **Carol Ann Phillips, (Phillips)**, 210 Stanley Road, Carencro, Louisiana 70520.

by placing a copy of the "Cover Sheet" and the "Complaint" in the United States Mail properly addressed and postage pre-paid on January 2, 2013.

                                                             s/Ronnie J. Berthelot
                                                             Ronnie J. Berthelot